646

H. Tisinger, F. Douglas King, Asst. U. S. Attorneys, Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

## PER CURIAM.

 Applicant, imprisoned under a sentence of a general court-martial, was produced under a writ of habeas corpus and his contentions fully heard. The court-martial record shows a duly constituted court, a trial under a charge of murder, a conviction, a sentence to life imprisonment, reduced to twenty-seven years. The main contention is that the evidence did not show premeditation and the charge ought to have been manslaughter. Another contention is that accused wished to have a counsel who could speak Spanish to defend him. There was a sworn Spanish interpreter. The court-martial record shows no request for another counsel. The sufficiency of the evidence to sustain the charge was the question for the court-martial and its reviewing authorities. A civil court on habeas corpus can concern itself only with the legal organization of the court, and its jurisdiction over the accused and over the crime charged, and whether due process of law was afforded. None of these appears to have been lacking. The writ of habeas corpus was properly discharged.

Affirmed.

For former opinion see 173 F.2d 778.

Before SIBLEY, McCORD and WALLER, Circuit Judges.

## PER CURIAM.

Appellant now complains that this court erred in its original opinion in concluding that it had itself obtained trade mark registrations for at least three other proposed publications, with the word "Confessions" appearing in the title of each. We have accordingly re-examined the record, and find that two of the other "Confessions" magazines have been registered and published in years past by a competitor of appellant, McFaddin Publications, and that the third, "Mystic Confessions", was registered and published by a wholly owned subsidiary of appellant during the year 1938. We, therefore adhere to our original opinion, as it sufficiently appears from the pleadings and exhibits in the case that the word, "Confessions", is merely descriptive of a class of popular monthly publications, and has acquired no secondary meaning as identifying only plaintiff's publication, "True Confessions". Cf. Crime Confessions, Inc., v. Fawcett Publications, Inc., 139 F.2d 499, 31 C.C.P.A., Patents, 760. The petition for rehearing is

Denied.

**FAWCETT PUBLICATIONS, Inc. v. BRONZE PUBLICATION, Inc. et al.**

No. 12478.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

**McCOMB v. CRANE et al.**

No. 12335.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

Rehearing Denied July 30, 1949.

